IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

**PETER PARNELL**, et al.,

   *Plaintiffs*,

   v.                                                      No. 5:23-cv-381-BJD-PRL

**SCHOOL BOARD OF LAKE COUNTY**, et al.,

   *Defendants*.

_____/

## <ins>TIME-SENSITIVE MOTION TO TRANSFER PURSUANT TO LOCAL RULE 1.07</ins>

Under Middle District Rule 1.07(a)(2), "a party may move to transfer a later-filed action to the judge assigned" a related, "first-filed action," if the "actions before different judges present the probability of inefficiency or inconsistency." Pursuant to that Rule, the State Defendants move to transfer this case to Judge Wendy Berger, who is currently presiding over *Cousins v. Grady*, Case No. 6:22-cv-1312-WWB-LHP (M.D. Fla.). *Cousins* overlaps with this case in that both proceedings involve common state official defendants, common constitutional challenges to the same statute, common interpretative questions about that statute, and even common questions about students' standing to

1

challenge the statute. Those precise matters are fully briefed and ripe for decision before Judge Berger. Accordingly, the matter should be transferred to Judge Berger consistent with the Middle District's "strong presumption . . . that favors the forum of the first-filed suit." *Grant v. Centerstate Bank*, No. 8:20-CV-1920-MSS-AAS, 2021 WL 9594008, at *1 (M.D. Fla. Feb. 19, 2021) (cleaned up).

## ARGUMENT

**1.** In this Section 1983 suit, Plaintiffs challenge the validity of a decision by the Lake County School Board restricting access to a book deemed inappropriate for K-3 students. *See, e.g.*, ECF1 ¶¶ 16, 125. Plaintiffs also challenge the validity of Florida House Bill 1557 (2022) insofar as that legislation restricts "classroom instruction on sexual orientation and gender identity" in grades K-3. *See, e.g.*, ECF1 ¶¶ 15-16, 120-22, 126-27.[1] Although the statute restricts only "classroom instruction," not the selection of library books, Plaintiffs allege that HB 1557 was the impetus for the school board decision at issue. *See, e.g.*,

---

[1] Plaintiffs also challenge HB 1069 (2023), which will take effect on July 1, 2023, insofar as that legislation will extend the restriction to grades pre-K through 8. *See* ECF1 ¶ 15. That has no effect on the question at issue here.

ECF1 ¶¶ 9, 137. And on the strength of that allegation, Plaintiffs have sued not only the county school board that restricted access to the book in question, but also the Commissioner of the Florida Department of Education and the members of the Florida State Board of Education ("the State Defendants"), the officials Plaintiffs say are "responsible for enforcing HB 1557." ECF1 ¶¶ 57-60. The State Defendants' position is that HB 1557 on its face does not apply to the selection of library books and that a local school board's unilateral misinterpretation of the statute does not give plaintiffs standing to challenge the provision, let alone to sue state officials.

**2.** In those key respects, this case is identical to *Cousins*. The plaintiffs there likewise challenge the decisions of "Orange County and Palm Beach County to remove LGBTQ+ materials from their libraries." ECF82 ¶ 37, *Cousins v. Grady*, No. 6:22-cv-1312-WWB-LHP (M.D. Fla. Nov. 3, 2022) ("Second Amended Complaint"). As here, the plaintiffs in *Cousins* contend that HB 1557 "caused" those library decisions, and, for that reason, the plaintiffs sued not only the county school boards, but also the members of the State Board of Education. *Id.* ¶¶ 37, 17. And as here, the State Defendants moved to dismiss and opposed a preliminary

3

injunction on standing grounds because "the statute regulates only 'classroom instruction,' not the availability of library books." ECF112 at 8, *Cousins v. Grady*, No. 6:22-cv-1312-WWB-LHP (M.D. Fla. Dec. 16, 2022) ("Motion to Dismiss"); *see* ECF120 at 4, *Cousins v. Grady*, No. 6:22-cv-1312-WWB-LHP (M.D. Fla. Dec. 21, 2022) ("Opposition to Motion for Preliminary Injunction") ("The statute does not even arguably restrict library books.").

Not only do both cases present the question of whether HB 1557 applies to the selection of library books, but they also present that question in the context of the same constitutional claims and legal standards. Here, Plaintiffs allege that the restriction at issue violates students' First Amendment "right to receive information," ECF1 ¶ 130, and that, "to the extent that H.B. 1557 and its implementing regulations do not mandate the restriction of [library books], the Act and regulations are unconstitutionally vague and overbroad." ECF1 ¶ 115. The plaintiffs in *Cousins*, too, allege that HB 1557 violates students' "right to receive information," Cousins Second Amended Complaint ¶¶ 154-58, and in the alternative is "unconstitutionally vague," *id.* ¶¶ 167-79, and "overbroad," *id.* ¶¶ 159-66, including because HB 1557 "creates uncertainty about the

extent to which library books must be policed because they may constitute 'classroom instruction,'" *id.* ¶ 37.

Because this case and *Cousins* present the same issue, in the same legal context, involving the same state-official defendants, leaving the cases assigned to different district judges plainly "present[s] the probability of inefficiency or inconsistency" that this Court's local rules are designed to avoid. M.D. Rule 1.07(a)(2). And a transfer to Judge Berger, who presides over the "first-filed action," *id.*, is especially appropriate because, in *Cousins*, the State Defendants' motion to dismiss and the plaintiffs' motion for preliminary injunction—the filings that present the overlapping issues—are both fully briefed and ripe for decision. For that reason, a transfer would advance not only this Court's interest in avoiding "inconsistency," but also the Court's interest in avoiding "inefficiency." M.D. Rule 1.07(a)(2).

**3.** This motion is designated "time-sensitive" in part because Plaintiffs have filed a preliminary-injunction motion, the response to which is due July 13 and which is set for a hearing July 26. Although Plaintiffs seek an injunction only against the School Board Defendants, not against the State Defendants, Plaintiffs' motion asks the Court to

conclude that they have a likelihood of success on the merits of their First Amendment claims against the School Board. Those claims are bound up with Plaintiffs' as-applied challenge to HB 1557 because Plaintiffs allege that the statute led to the School Board's decision. The motion therefore operates to the prejudice of the State Defendants because it invites a risk of conflicting rulings on the statutory interpretation question at issue in *Cousins*—whether HB 1557's restriction of "classroom instruction" also applies to the selection of library books. The motion would, in any event, benefit from Judge Berger's nearly 1-year of experience with the statutory scheme at issue.

In meeting and conferring on this motion, Plaintiffs evinced a belief that a transfer is inappropriate because the Court might resolve Plaintiffs' preliminary injunction motion without addressing the statute. But Plaintiffs premise their preliminary injunction motion on the allegation that HB 1557 is unconstitutional and was the illicit basis for restricting the book at issue. The motion only underscores the inefficiencies that litigating those questions on two separate district court tracks would produce.

**4.** Undersigned counsel has met-and-conferred with all parties regarding the relief sought by this motion. The School Board defendants agree that the relief sought is appropriate. Plaintiffs oppose the motion.

## CONCLUSION

For the foregoing reasons, this matter should be transferred to Judge Berger pursuant to Middle District Rule 1.07.

        Respectfully submitted,

        ASHLEY MOODY
          ATTORNEY GENERAL

        Henry C. Whitaker (FBN 1031175)
          SOLICITOR GENERAL

        */s/ Daniel William Bell*
        Daniel William Bell (FBN 1008587)*
          CHIEF DEPUTY SOLICITOR GENERAL
          *Lead Counsel

        *Counsel for the State Defendants*

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that he conferred with all parties by means of videoconference or telephone and that the relief sought herein is agreed to by all Defendants and is opposed by Plaintiffs.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF system, which will provide notice to all Defendants, on June 28, 2023. Counsel for the School Board Defendants has not entered an appearance. Service on the School Board Defendants will be effectuated contemporaneously via e-mail.

*/s/ Daniel William Bell*
Daniel William Bell
