UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PETER PARNELL, JUSTIN RICHARDSON, E.D.B., E.D.B. by and through her parent, Whitney Morgan Donovan, Z.T., Z.T. by and through her parent, Jane Doe, M.H., M.H. by and through his guardian and next friend, Ann Roe, D.S., D.S. by and through his guardian and next friend, Ann Roe, E.S., E.S. by and through his guardian and next friend, Ann Roe, and E.T., E.T. by and through her parent, Jane Doe,

    Plaintiffs,

v.

SCHOOL BOARD OF LAKE COUNTY, FLORIDA, DIANE KORNEGAY, Diane Kornegay, in her official capacity as Superintendent of the Lake County School District, MANNY DÍAZ, JR. , Manny Diaz, Jr., in his official capacity as Florida Commissioner of Education, BEN GIBSON, Ben Gibson, in his official capacity as chair of the Florida State Board of Education, RYAN PETTY, Ryan Petty, in his official capacity as vice chair of the Florida State Board of Education, MONESIA BROWN, Monesia Brown, in her official capacity as a member of the Florida State Board of Education, ESTHER BYRD, Esther Byrd, in her official

Case No. 5:23-cv-381-BJD-PRL

capacity as a member of the Florida State Board of Education, GRAZIE P. CHRISTIE, Grazie P. Christie, in her official capacity as a member of the Florida State Board of Education, KELLY GARCIA, Kelly Garcia, in her official capacity as a member of the Florida State Board of Education, and MARYLYNN MAGAR, MaryLynn Magar, in her official capacity as a member of the Florida State Board of Education,

    Defendants.

_____/

# **O R D E R**

**THIS CAUSE** is before the Court on State Defendants' Time-Sensitive Motion to Transfer [Under] Local Rule 1.07 (Doc. 13; Motion) and Plaintiff's Response in Opposition (Doc. 27). Defendants move to transfer this case, arguing this case overlaps with Cousins v. Grady, No. 6:22-cv-1312-WWB-LHP (M.D. Fla.).

Under Rule 1.07(a)(2) of the Local Rules of the United States District Court for the Middle District of Florida, a party may move to transfer an action, "[i]f actions before different judges present the probability of inefficiency or inconsistency[.]" In such a scenario, "a party may move to transfer a later-filed action to the judge assigned to the first filed action." Local Rule 1.07(a)(2).

"Where two actions involving overlapping issues and parties are pending in two federal court, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) (stating the same). "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir. 2013). "A first filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit." Id. at 79. The Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1135.

Whether a Court transfers a case under Local Rule 1.07 "is vested in the sound discretion [of] the Court." Daniels v. Gov't Emps. Ins. Co., No. 8:19-cv-2612, 2020 WL 6599420, at *2 (M.D. Fla. Jan. 15, 2020); see also United States v. Musselwhite, 709 F. App'x 958, 967 (11th Cir. 2017) (explaining the

discretionary power judges in the Middle District of Florida may employ under the Local Rules).

Here, Defendants argue that the "first-filed" rule should apply because in Cousins, another judge is considering a case involving "common state official defendants, common constitutional challenges to the same statute, common interpretative questions about that statute, and even common questions about students' standing to challenge the statute." Motion at 1–2.

Plaintiffs explain how this case differs from the Cousins litigation, including that the instant litigation has no overlap in the factual allegations with the Cousins litigation, that the parties to the instant case are substantially different from the parties in the Cousins litigation, and that the legal theories here are substantially different. (See generally Doc. 27). Additionally, Plaintiffs argue that given the Cousins litigation is "nearly a year old," has gone through briefing for five pending motions to dismiss, and is already about five months into discovery, then the Plaintiffs in this litigation would be prejudiced. See id. at 17–19.

In the instant lawsuit, Plaintiffs sue Defendants because one book, *And Tango Makes Three* (*Tango*), was allegedly removed from Lake County, Florida school libraries. (Doc. 27 at 3). The School Board of Lake County allegedly removed *Tango* based on Florida's 2022 House Bill 1557 (H.B. 1557). Id. The Plaintiffs who are parties to the *Tango* litigation are: Peter

Parnell, Justin Richardson, E.D.B., Z.T., E.T., D.S., E.S., and M.H., with the initialed Plaintiffs being minors. The Defendants who are parties to the *Tango* litigation are the School Board of Lake County, Florida; Diane Kornegay; Manny Díaz Jr.; Ben Gibson; Ryan Petty; Monesia Brown; Esther Byrd; Grazie Christie; Kelly Garcia; and MaryLynn Magar.

In Cousins, a variety of plaintiffs sue to challenge the constitutionality of Florida Statute § 1001.42, which is where the legislative language of H.B. 1557 is codified. Nowhere in Cousins do the plaintiffs challenge the process of removing a specific book; instead, the Cousins plaintiffs speak in hypotheticals about whether a child may bring a book from home to school and that "teachers were instructed to restrict access to the books Call Me Max, I am Jazz, and Flamer[.]" Cousins, 6:22-cv-1312, Doc. 82 at ¶¶ 56; 128 (M.D. Fla. Nov. 3, 2022). The plaintiffs who are parties to the Cousins litigation are Jennifer Cousins, Matthew Cousins, P.C., M.C., S.C., N.C., Will Larkins, David Dinan, Vikranth Gongidi, K.R.D., R.R.D., and Centerlink, Inc. Id. The defendants who are parties to the Cousins litigation are Thomas Grady; Ben Gibson; Monesia Brown; Esther Byrd; Grazie Christie; Ryan Petty; Joe York; the School Board of Orange County, Florida; the School Board of Indian River County, Florida; the School Board of Duval County, Florida; and the School Board of Palm Beach County, Florida.

In Cousins, the Plaintiffs seek a declaratory judgment that H.B. 1557 is unconstitutional under the First and Fourteenth Amendments; injunctive relief to enjoin enforcement of H.B. 1557; nominal and compensatory damages for emotional distress, loss of opportunity to speak, mission frustration, and loss of funding opportunity to the plaintiffs. Cousins, No. 6:22-cv-1312, Doc. 82 at 62–63 (M.D. Fla. Nov. 3, 2022). Here, Plaintiffs seek a preliminary and permanent injunction to require the School Board of Lake County, Florida and Diane Kornegay to restore students' ability to access *Tango*; a declaratory judgment that H.B. 1557 is unconstitutional and a permanent injunction against Defendants from enforcing the law; a declaratory judgment that Florida's 2023 House Bill 1069 (H.B. 1069)[1] is unconstitutional and a permanent injunction against Defendants from enforcing the law; and a declaratory judgement that Defendants' actions in removing *Tango* violated Plaintiff's constitutional rights.

Both Cousins and the instant litigation cite H.B. 1557 as the vehicle through which they start their lawsuits; however, the similarities end there. See Health Freedom Def. Fund, Inc. v. Biden, 571 F. Supp. 3d 1257, 1262–63 (M.D. Fla. 2021) (analyzing two purportedly similar lawsuits to determine

---

[1] H.B. 1557 and H.B. 1069 are similar in that H.B. 1557 targets kindergarten through third grade instruction while H.B. 1069 extends the legislation to cover instruction through the eighth grade.

whether to transfer the second case under the Local Rules for the Middle District of Florida). The similar parties between the two cases are Defendants Ben Gibson, Monesia Brown, Esther Byrd, Grazie Christie, and Ryan Petty. No other party is the same between the two cases. See Parkervision, Inc. v. Qualcomm Inc., No. 6:14-cv-687, 2015 WL 12852308, at *2 (M.D. Fla. Mar. 9, 2015) (denying a transfer motion under the Local Rules because the litigation between the two cases involved "the inclusion of several additional defendants). The similar claims between the two cases ask for judicial review of H.B. 1557, and this similarity is not enough to compel this Court to transfer the instant action. See Biden, 572 F. Supp. 3d at 1263; Daniels, 2020 WL 6599420, at *1–2; Parkervision, 2015 WL 12852308, at *2.

Transferring this case would work against the efficiency goals that undergird Local Rule 1.07. The meaningful differences in the relief sought, the plaintiffs and defendants present, and the facts of each case weigh against Defendants' motion to transfer. For these reasons, the Court denies Defendants' motion. See Collegiate Licensing Co., 713 F.3d at 78.

**ORDERED:**

State Defendants' Time-Sensitive Motion to Transfer [Under] Local Rule 1.07 (Doc. 13) is **DENIED**. The parties are cautioned to abide by the deadlines set by the Court in its previous Order (Doc. 9).

**DONE** and **ORDERED** in Jacksonville, Florida this 7th day of July 2023.

_____
BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record