UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| Peter Parnell, *et al.*,<br><br>     Plaintiffs,<br><br>    v.<br><br>School Board of Lake County, Florida, *et al.*,<br><br>     Defendants. | Case No. 23-cv-381 (BJD) (PRL)<br><br>**PRELIMINARY INJUNCTIVE RELIEF REQUESTED** |

## PLAINTIFFS PETER PARNELL, JUSTIN RICHARDSON, D.S., E.S., AND M.H.'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Date:  July 20, 2023

Anna T. Neill
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
Tel: 305-373-1000
atn@knpa.com
wjb@knpa.com

Faith E. Gay
  *Lead Counsel*
Lauren J. Zimmerman*
Max H. Siegel*
Nancy A. Fairbank*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
lzimmerman@selendygay.com
msiegel@selendygay.com
nfairbank@selendygay.com

*(admitted *pro hac vice*)

*Counsel for Plaintiffs*

In response to Movants' First Amendment challenge, the Lake County Defendants do not even try to address this motion on the merits. Instead, they argue only that the motion is untimely and that the case is moot. These arguments fail.

## I.   Any Purported Delay Does Not Undercut Movants' Ongoing and Impending Irreparable Injury

The Lake County Defendants claim Movants have not suffered irreparable harm because they did not file their motion the moment *Tango* was restricted. But any argument based on delay is inapposite in First Amendment cases, and, as discussed below, the Lake County Defendants' factual argument is self-contradictory.

In failing to dispute that the restriction of *Tango* violated Movants' First Amendment rights, the Lake County Defendants have conceded that Movants have suffered irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). In *Vazzo v. City of Tampa*, a court in this district held that despite "plaintiffs' months-long delay in seeking injunctive relief … the seemingly automatic conclusion of irreparable injury in a First Amendment action" sufficed to show irreparable harm. 2019 WL 12529065, at *14 (M.D. Fla. Jan. 30, 2019); *see also Christian & Missionary All. Found. v. Burwell*, 2015 WL 437631, at *8 (M.D. Fla. Feb. 3, 2015) (delay is "simply not indicative of a lack of irreparable harm" in First Amendment cases).[1]

---

[1] The motion in *Vazzo* was later denied as moot after the court granted summary judgment for the plaintiffs. No. 8:17-cv-2896, ECF No. 214. But *Vazzo* accords with the weight of authority. *See, e.g.*, *Tripathy v. Lockwood*, 2022 WL 17751273, at *2 (2d Cir. Dec. 19, 2022) (to deny preliminary

The Lake County Defendants (at 9–11) rely solely on cases outside the First Amendment context to claim that delay cuts against a finding of irreparable harm.[2] But those decisions are "not applicable in the context of an alleged First Amendment violation where 'each passing day may constitute a separate and cognizable infringement on the First Amendment.'" *Dow Jones & Co. v. Kaye*, 90 F. Supp. 2d 1347, 1361–62 (S.D. Fla. 2000) (Jordan, J.) (quoting *Neb. Press Ass'n v. Stuart*, 423 U.S. 1319, 1325 (1975) (Blackmun, J., in chambers)), *vacated as moot, appeal dismissed*, 256 F.3d 1251 (11th Cir. 2001); *see also Animal Legal Def. Fund v. Reynolds*, 2019 WL 8301668, at *20 (S.D. Iowa Dec. 2, 2019) (same) (quoting *id.*).

Even outside First Amendment cases, "courts are loath to withhold relief *solely on th[e] ground [of delay].*" *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019); *see also Dream Defs. v. DeSantis*, 559 F. Supp. 3d 1238, 1285 (N.D. Fla. 2021) ("[T]here is no 'general rule that irreparable injury cannot exist if the plaintiff delays in filing its motion for a preliminary injunction' ...."). The Lake County Defendants have not claimed "the delay in any way disadvantaged [their]

---

injunction based on delay is error in First Amendment cases); *Def. Distributed v. U.S. Dep't of State*, 121 F. Supp. 3d 680, 689 (W.D. Tex. 201) (First Amendment injury is per se irreparable, despite delay), *aff'd*, 838 F.3d 451 (5th Cir. 2016); *Hum. Rts. Def. Ctr. v. Sw. Va. Reg'l Jail Auth.*, 2018 WL 3239299, at *6 (W.D. Va. July 3, 2018) (same).

[2] *Scroos LLC v. Att'y Gen.*, 2020 WL 5534281, at *2 (M.D. Fla. Aug. 27, 2020*)* (**immigration status**); *Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1248 (11th Cir. 2016) (**trademark infringement**); *Roberts v. Swearingen*, 2018 WL 4620707, at *3 (M.D. Fla. Sept. 26, 2018) (**Second Amendment**); *Citibank v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (**trademark infringement**); *Taylor v. Biglari*, 971 F. Supp. 2d 847, 853 (S.D. Ind. 2013) (**shareholder derivative suit**); *Shaffer v. Globe Protection.*, 721 F.2d 1121, 1123 (7th Cir. 1983) (**sex discrimination**); *Silber v. Barbara's Bakery*, 950 F. Supp. 2d 432, 439–40 (E.D.N.Y. 2013) (**deceptive advertising**); *Hi-Tech Pharm. v. Herbal Health Prods.*, 311 F. Supp. 2d 1353, 1357–58 (N.D. Ga. 2004) (**trademark and trade dress infringement**); *Seiko Kabushiki Kaisha v. Swiss Watch Int'l*, 188 F. Supp. 2d 1350, 1355–56 (S.D. Fla. 2002) (**trademark infringement**).

interests," so it does not "alter the irreparable harm analysis." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1212 (10th Cir. 2009).

Instead, the Lake County Defendants paradoxically claim (at 5–7) that the motion is both too late, such that delay means there was no irreparable injury, and too early, because the Student Movants have not yet started school at Triangle Elementary. But the motion specifically states (at 1, 8) that it seeks to redress the harm to the Student Movants of being unable to access *Tango* when they begin the fall semester—which is when they intend to check out the book, Roe Decl. ¶¶ 10, 12, 14. The Lake County Defendants claim (at 6–7) that the Student Movants "try to create an injury" by asserting their intention to read *Tango* "at some point in the future." Not so. The Student Movants have a specific time when they want to check *Tango* out from their school libraries. *See ACLU of Fla. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1194 (11th Cir. 2009) (intent to check out book "when [] school resumes" is sufficient). And the injury to the Authors' speech was "continuing" when the Motion was filed, which makes any alleged delay "less probative." *Dream Defs.*, 559 F. Supp. 3d at 1285; *see also Cuviello*, 944 F.3d at 833 ("[T]ardiness is not particularly probative in the context of ongoing, worsening injuries.").[3]

## II.   The Lake County Defendants' Voluntary Decision to Remove the Restriction on *Tango* Does Not Moot This Lawsuit

The Lake County Defendants base their arguments (at 12–20) about the

---

[3] The Lake County Defendants' throwaway claim in their background section (at 4) that some Plaintiffs conceded lack of standing by not joining this motion is wrong—indeed, they cite no authority in support—and is irrelevant to this motion (nor do they claim any relevance).

merits and public interest solely on their decision to remove restrictions on *Tango*.[4] This ad hoc decision does not moot Movants' case. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth v. Laidlaw Env't Servs. (TOC)*, 528 U.S. 167, 189 (2000) (cleaned up). Since Defendants are "free to return to [their] old ways," *id.*, "the Government ... bears" a "heavy" burden to show that its conduct has mooted a case "where, as here, the only conceivable basis for a finding of mootness in the case is [Defendants'] voluntary conduct." *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022) (cleaned up); *see also Health Freedom Def. Fund v. President*, 71 F.4th 888, 892 (11th Cir. 2023); *Franciscan All. v. Becerra*, 47 F.4th 368, 376 & n.37 (5th Cir. 2022). "That burden will have been borne only if ... it is *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Harrell v. Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (cleaned up). The Lake County Defendants (at 13–14) are thus wrong to claim a presumption that their behavior will not recur.

Courts look to three factors in determining whether there is a reasonable expectation that the government will reverse course: "First, whether the change in conduct resulted from substantial deliberation or is merely an attempt to manipulate [] jurisdiction.... Second, whether the government's decision to terminate the challenged conduct was unambiguous.... And, third, whether the government has

---

[4] On the public interest, the Lake County Defendants (at 19–20) speculate about Movants' motives for this case, but such speculation is irrelevant to the motion, and thus deserves no weight.

consistently maintained its commitment to the new policy or legislative scheme." *Walker v. City of Calhoun*, 901 F.3d 1245, 1270 (11th Cir. 2018) (cleaned up).

All three factors show a "reasonable expectation that the government will reverse course." *Id.* (cleaned up). *First*, the timing of the cessation reveals that it is an attempt to evade jurisdiction. *See Harrell*, 608 F.3d at 1266. Although book bans were previously widely reported, the Florida Department of Education ("DOE") waited until June 21, 2023, a day after Movants filed this case, to provide "a [brief] previously filed December 21, 2022" in another case that "took the position that the H.B. 1557 age restriction on sexual orientation and gender identity does not apply to library books." Kornegay Aff. ¶ 16. The next day, Kornegay unrestricted *Tango*. *Id.* ¶ 17. *See Harrell*, 608 F.3d at 1266 ("[C]essation that occurs 'late in the game' will make a court 'more skeptical of voluntary changes that have been made.'"). Her decision was not "well-reasoned," *id.*: she reversed course only because DOE notified her of a brief publicly filed *six months earlier*, Kornegay Aff. ¶ 17. This reversal two days after being sued is an effort to manipulate jurisdiction.

*Second*, Kornegay's "decision to terminate the challenged conduct" was not "unambiguous." *Walker*, 901 F.3d at 1270. "[I]f a governmental entity decides in … [an] irregular manner to cease a challenged behavior, … its 'termination' of the behavior is [not] unambiguous." *Harrell*, 608 F.3d at 1266–67; *see also Trinity Lutheran Church of Columbia v. Comer*, 582 U.S. 449, 457 n.1 (2017) (case not moot where defendant may reinstate policy). Kornegay's declaration establishes that access to *Tango* is wholly dependent on DOE direction: it was restricted following a

5

DOE training, Kornegay Aff. ¶ 13, then restored after receipt of a DOE filing, *id.* ¶¶ 17, 18. There is no unambiguous commitment not to resume *Tango*'s restriction at future DOE instruction. The nonbinding nature of DOE's brief and Kornegay's kneejerk response distinguishes this case from *Freedom from Religion Foundation v. Orange County School Board*, where the defendant modeled its policy on a binding consent decree. 30 F. Supp. 3d 1358, 1361 (M.D. Fla. 2014), *aff'd,* 610 F. App'x 844 (11th Cir. 2015). Defendants have not "clarif[ied] that no decisionmaker can exercise discretion to deny access to [*Tango*] on basis of viewpoint." *Id.*

   *Third*, the Lake County Defendants are not committed to preserving access to *Tango* because they reserve their right to re-restrict *Tango* if DOE reverses course and deems library books subject to H.B. 1557. *See* Kornegay Aff. ¶ 18. They defend (at 16–17) their right to restrict access to *Tango* based on its content. A case is "not moot where the defendant might exercise its 'discretion to change its policy' back while continuing to press the old policy's validity." *Norwegian Cruise Line Holdings v. State Surgeon Gen.*, 55 F.4th 1312, 1316 (11th Cir. 2022). Defendants have not "consistently maintained [their] commitment" to the policy espoused in the State's December 2022 brief, *Walker*, 901 F.3d at 1270, and have "never promised not to resume the prior practice," *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 532 (11th Cir. 2013). Instead, they reserve their right to do so.

   This case is thus unlike *Troiano v. Supervisor of Elections*, 382 F.3d 1276 (11th Cir. 2004), and *Jews for Jesus, Inc. v. Hillsborough County Aviation Authority*, 162 F.3d 627 (11th Cir. 1998). In those cases, the revised "policy appear[ed]

to have been the result of substantial deliberation," *Jews for Jesus*, 162 F.3d at 629, and the defendant had consistently followed the new policy, *Troiano*, 382 F.3d at 1285. In *Troiano*, the defendant ceased her conduct before receiving notice of the litigation, and "her behavior prior to the beginning of this litigation provide[d] ample evidence of her intent to" continue the same course. *Id.* Here, the Lake County Defendants changed course on a dime after this case was filed. *See Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) ("maneuvers designed to insulate a decision from review ... must be viewed with a critical eye"); *Harrell*, 608 F.3d at 1267 ("circumstances ... raise[d] a substantial possibility that 'the defendant has ... changed course simply to deprive the court of jurisdiction,' which itself prevent[ed] [the court] from finding the controversy moot").

There is "no reason to believe that [Defendants] will not seek to reinstate [their] policy," *Norwegian*, 55 F.4th at 1315, because the State Defendants maintain that H.B. 1557 is constitutional. *See Knox*, 567 U.S. at 307 (case was not moot where defendant defended the constitutionality of program at issue). DOE has been silent on whether viewpoint discrimination is permitted under H.B. 1557 and still instructs school districts "to 'err on the side of caution' when selecting and maintaining age appropriate school library books," Kornegay Aff. ¶ 14. The Lake County Defendants similarly refuse (at 16) to commit to keeping *Tango* on shelves and defend their ability to remove it in the future. This case is thus not moot.

## <u>CONCLUSION</u>

Plaintiffs respectfully request that this Court enter a preliminary injunction.

Dated:  New York, NY
        July 20, 2023

Respectfully submitted,

SELENDY GAY ELSBERG PLLC

By:   /s/      *Faith E. Gay*
      Faith E. Gay (FBN 129593)
      Lauren J. Zimmerman*
      Max H. Siegel*
      Nancy A. Fairbank*
      SELENDY GAY ELSBERG PLLC
      1290 Avenue of the Americas
      New York, NY 10104
      Tel: 212-390-9000
      fgay@selendygay.com
      lzimmerman@selendygay.com
      msiegel@selendygay.com
      nfairbank@selendygay.com

      Anna T. Neill (FBN 100945)
      William J. Blechman (FBN 379281)
      KENNY NACHWALTER, P.A.
      1441 Brickell Avenue, Suite 1100
      Miami, FL 33131
      Tel: 305-373-1000
      atn@knpa.com
      wjb@knpa.com

      *(admitted *pro hac vice*)

      *Counsel for Plaintiffs*