UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Peter Parnell, *et al.*,<br><br>                  Plaintiffs,<br><br>      v.<br><br>School Board of Lake County Florida, *et al.*,<br><br>                  Defendants. | Case No. 5:23-cv-381 (BJD) (PRL) |

**PLAINTIFFS PETER PARNELL, JUSTIN RICHARDSON, D.S., E.S., AND M.H.'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE**

Plaintiffs Peter Parnell, Justin Richardson, D.S., E.S., and M.H. (collectively, the "Movants") respectfully submit this objection to Defendant School Board of Lake County, Florida's (the "School Board") request for judicial notice dated July 31, 2023, ECF No. 47 (the "Request"). The School Board's Request improperly seeks the introduction of School Board Resolution 2023-05, ECF No. 47-1 (the "Resolution"), adopted at a special meeting of the School Board on July 31, 2023, into a closed record.[1] *See* ECF No. 47. It deserves no consideration, as it is procedurally improper and does not establish any defense to the pending motion for preliminary injunction, ECF No. 6 (the "Motion").[2]

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Complaint, ECF No. 1.

[2] The Request is silent as to its purpose and does not explain what, if any, issue in the case it addresses. Movants have therefore been left with no choice but to guess that the School Board's intent in filing its Request relates to the pending Motion.

As a preliminary matter, because the Lake County Defendants agreed to proceed on the Motion without an evidentiary hearing, the Lake County Defendants may not introduce this extra-record evidence in opposition to the Motion. *See* ECF No. 47 (citing Fed. R. Evid. 201(b)(2) and thus treating the Resolution as evidence). On July 20, 2023, Movants and the Lake County Defendants jointly submitted a letter to this Court agreeing that "an evidentiary hearing on Movant's motion for a preliminary injunction is unnecessary and that the hearing should be *limited to the written submissions of Movants and the Lake County Defendants, as well as the arguments of counsel at the hearing*." ECF No. 44 (emphasis added). Oral argument on the Motion took place less than a week ago; at no time did the Lake County Defendants request the opportunity to introduce evidence in opposition to the Motion; and the record is closed. *See* ECF No. 46. Defendants may not end-run this Court's procedure and orderly disposition of the Motion by introducing through a docket filing new extra-record evidence *after* the relevant oral argument has concluded and the Motion has been taken under advisement. Indeed, the School Board cites no legal authority for its unorthodox attempt to introduce evidence where no evidentiary hearing occurred and the record is already closed. Accordingly, Movants object to Defendants' Request and respectfully ask that the Court strike or disregard the filing.

Even if the Court were to take judicial notice of the Resolution, the Resolution is no salve for the Lake County Defendants' meritless claim that the Motion is moot. At the outset, the fact that the Lake County Defendants chose to

adopt this Resolution after insisting during oral argument on the Motion that their conduct prior to oral argument had mooted the Motion is a tacit admission that Superintendent Kornegay's decision to lift the age-restriction on *And Tango Makes Three* was insufficient to meet the Lake County Defendants' burden to show mootness. It also reveals that their representation during oral argument that Superintendent Kornegay's one-off decision to lift restrictions on *Tango* was the *only* procedure available to the Lake County Defendants in terms of a corrective mechanism was inaccurate.[3] And notably, at argument, the Lake County Defendants failed to mention that a School Board meeting was scheduled for the following week or that they could and would take any action relevant to the litigation at such a meeting. Instead, it appears the School Board decided to adopt the Resolution after oral argument, presumably in response to concerns raised by the Court at oral argument.

Despite the School Board's new attempt to avoid the injunctive relief to which Movants are entitled, their latest conduct further establishes their failure to prove that the Motion is moot. A defendant's voluntary cessation of a challenged practice establishes mootness only when it is "*absolutely clear* that the allegedly wrongful behavior could not be reasonably expected to recur." *Harrell v. Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (cleaned up). Courts consider three factors in making this determination: "First, whether the change in conduct resulted from

---

[3] Movants promptly requested an argument transcript on an expedited basis after oral argument but have yet to receive it.

3

substantial deliberation or is merely an attempt to manipulate jurisdiction.... Second, whether the government's decision to terminate the challenged conduct was unambiguous.... And, third, whether the government has consistently maintained its commitment to the new policy or legislative scheme." *Walker v. City of Calhoun*, 901 F.3d 1245, 1270 (11th Cir. 2018) (cleaned up). The Resolution fails on all three factors.

*First*, the timing of the Resolution demonstrates a clear attempt to evade jurisdiction, in line with the Lake County Defendants' prior efforts to manipulate jurisdiction. *See Harrell*, 608 F.3d at 1266. The Lake County Defendants' first effort at voluntary cessation occurred just one day after Movants filed the Motion and just two days after Plaintiffs filed this case. ECF No. 39-1 ¶ 17. The Lake County Defendants' new attempt to cease their challenged behavior *less than one week after oral argument* serves only to confirm that their behavior is calculated to manipulate jurisdiction. *See Walker*, 901 F.3d at 1270. So too does the fact that the Lake County Defendants "ratified" the Resolution and filed it in this case on the very same day—hardly the product of substantive deliberation. Although Plaintiffs are not privy to the internal workings of the School Board, comments at the School Board meeting are revealing: The School Board apparently recently amended the agenda for its July 31, 2023 meeting to add the Resolution to the agenda, and the Chair of the School Board issued an express warning to School Board members to

4

exercise caution in commenting on the Resolution due to this litigation.[4] Under Eleventh Circuit precedent, "clandestine or irregular" behavior like this does not establish mootness. *Harrell*, 608 F.3d at 1267.

*Second*, Defendant's Resolution by no means represents an unambiguous cessation of the challenged conduct. *See Walker*, 608 F.3d at 1266-67. By its plain text, it is unclear what the Resolution even means. The Resolution does not mention viewpoint discrimination, books, or *Tango*. From reading the Resolution, it is impossible to ascertain whether it applies to the conduct Plaintiffs challenge in this case and the injuries Plaintiffs have suffered. The text of the Resolution simply states that it "ratifies the prior administrative decision to align the Lake County school district with the prevailing legal interpretation of [H.B. 1557] held by other Florida school districts" and directs district employees to ignore "further informal guidance" from the State Board of Education, Commissioner of Education, or Department of Education. ECF No. 47-1, at 1. The Resolution does not explain what the "prior administrative decision" is, nor is that reference clear from context, as the Lake County Defendants attributed their previous decision to lift restrictions on *Tango* to DOE guidance, not the behavior of other districts. *See* ECF No. 39-1 ¶¶ 16, 17.

Nothing whatsoever in the text of the Resolution prohibits viewpoint discrimination or guarantees that the Lake County Defendants will maintain

---

[4] Lake Cnty. Sch. Bd. Meeting at 25:06-25:17, 28:44-29:00 (July 31, 2023), https://www.youtube.com/watch?v=pxPHFddNquk.

unrestricted access to *Tango* throughout the pendency of this action, and thus it does not grant the relief requested in the Motion. *See* ECF No. 6, at 3. The Lake County Defendants instead align themselves with "other Florida school districts" without specifying what the "prevailing legal interpretation" by those districts is. Notably, some such districts continue to ban *Tango*.[5] Accordingly, the Resolution can be read to allow for recurrence in accordance with other districts' current behavior or future changes of heart toward H.B. 1557, H.B. 1069, or *Tango*.

Indeed, the Resolution, standing alone, is so vague that the Lake County Defendants found it necessary to submit nonbinding details from the agenda of the July 31, 2023 School Board meeting (prepared by their litigation counsel here) to show any purported significance of the Resolution. *See* ECF No. 47-3. This strained effort to establish a connection to school library books only proves that the Resolution itself does not unambiguously apply to such materials, let alone *Tango*.

*Third*, there is no evidence of commitment to any new policy set forth in the Resolution. The legal effect of this Resolution is unclear, and it has been in effect for *one day*. At oral argument last week, the Lake County Defendants represented that there was no other process available to them to ensure access to *Tango* remained unrestricted. Following the hearing, just days later, they appear to have come up with a new process, but they provide no explanation of the process or its

---

[5] *See, e.g.*, Jennie McKeon, *Escambia School Board Removes Three Books from Libraries* (Feb. 21, 2023), WUWF, https://www.wuwf.org/local-news/2023-02-21/escambia-school-board-removes-three-books-from-libraries (reporting the Escambia County School Board's removal of *Tango* from school library shelves).

6

legal effect, and the text of the Resolution is insufficient to protect access to *Tango*. The Lake County Defendants enacted this Resolution on July 31, 2023 and filed it on the docket just hours later. And the Resolution expressly "finds that district staff *properly* erred on the side of caution" in the actions they have purportedly ceased. ECF No. 47-1, at 1 (emphasis added). By continuing to defend the complained-of conduct, the Lake County Defendants have undermined any claim of mootness. *See Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012) (case not moot when defendant "continues to defend the legality" of the challenged conduct).

The Resolution falls far short of enacting an unambiguous, binding policy that will ensure that *And Tango Makes Three* will remain accessible to students regardless of their age, notwithstanding H.B. 1557, H.B. 1069, or any contrary instructions from the Florida Department of Education. Nor does the Resolution address, much less prohibit, viewpoint discrimination. And the Resolution ties the Lake County Defendants to other school boards in Florida, including those that have restricted or outright banned *Tango*, and without any guarantee of how those that have not banned *Tango* may act in the future. The Resolution was improperly submitted and satisfies none of the criteria for mootness by voluntary cessation—indeed, its meaning is, at best, opaque. For these reasons, Movants respectfully request that the Court strike the School Board's Request and give it no weight.

Dated: New York, NY
August 1, 2023

Respectfully submitted,

SELENDY GAY ELSBERG PLLC

By: /s/        *Faith E. Gay*
Faith E. Gay (FBN 129593)
   *Lead Counsel*
Lauren J. Zimmerman*
Max H. Siegel*
Masha Simonova**
Nancy A. Fairbank*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
lzimmerman@selendygay.com
msiegel@selendygay.com
msimonova@selendygay.com
nfairbank@selendygay.com

Anna T. Neill (FBN 100945)
William J. Blechman (FBN 379281)
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
Tel: 305-373-1000
atn@knpa.com
wjb@knpa.com

*(admitted *pro hac vice*)

**(application for admission *pro hac vice* forthcoming)

*Counsel for Plaintiffs*

8