# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

**PETER PARNELL, et al.,**

    **Plaintiffs,**

    v.                                   No. 5:23-cv-381-BJD-PRL

**SCHOOL BOARD OF LAKE COUNTY, et al.,**

    **Defendants.**

_____/

## RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant, the School Board of Lake County ("School Board"), by and through the undersigned counsel, hereby responds to Plaintiffs' Objection to School Board's Request for Judicial Notice as follows:

1. This Court may, **at any stage of a proceeding**, take judicial notice of an adjudicative fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2) (**emphasis added**).

2. Notwithstanding the fact School Board has requested this Court take judicial notice of Resolution 2023-05, this Court "may take judicial notice on its own" of an adjudicative fact. FED. R. EVID. 201(c)(1).

3. School Board made no indication as to the purpose of requesting this Court take judicial notice of Resolution 2023-05, nor was School Board required to do so. See FED. R. EVID. 201(c)(2).

4. Plaintiffs argue that School Board's only reason for requesting judicial notice of Resolution 2023-05 is to improperly introduce new evidence into the closed record on Plaintiffs' motion for preliminary injunction.

5. By making such argument, Plaintiffs assign an improper motive to School Board, without any justification, and ask this Court to ignore any other possible reason for seeking judicial notice of Resolution 2023-05, such as its use as evidence in support of School Board's forthcoming motion to dismiss.[1]

6. Plaintiffs' argument also assumes, again without any justification, that this Court may improperly use judicial notice of Resolution 2023-05 in support of a denial of Plaintiffs' motion for preliminary injunction - again, an argument that is not made or advanced by School Board.

7. Plaintiffs' entire objection is based on the assumption that School Board's only reason for passing Resolution 2023-05 was to somehow manipulate and evade jurisdiction in this case.

---

[1] See *Johnson v. Curry*, 2023 WL 3854985, *6, n.11 (M.D. Fla. 2023) ("A court may judicially notice a fact to decide a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction . . . .")

8. By making such assumption, Plaintiffs again assign an improper motive to School Board, without any justification, and ask this Court to ignore any other possible reason for passing Resolution 2023-05, such as School Board wanting to publicly support and defend Mrs. Kornegay against recent allegations (implicitly made by Plaintiffs' counsel in this case) that Mrs. Kornegay is a rogue actor or that district staff somehow acted inappropriately when following informal guidance issued by the Florida Department of Education concerning House Bill 1557 or, as actually stated publicly at School Board's July 31, 2023 meeting, that School Board wanted to give clarity to Lake County parents, students, teachers, and administrators before the start of the new school year as to what materials will and will not be available in school libraries.

9. Plaintiffs' objection does not challenge the nature or substance of School Board's request for judicial notice. More specifically, Plaintiffs' objection:

    a. Does not challenge that Resolution 2023-05 establishes an adjudicative fact that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

    b. Does not state School Board failed to provide this Court with enough information necessary for judicial notice of Resolution 2023-05 to be taken.

10. The fact Plaintiffs do not like that School Board took formal action, which Plaintiffs have previously indicated School Board needed to take, despite School Board's continued position that nothing more than administrative action was necessary, or that Plaintiffs do not like the timing of School Board's formal action is not relevant to whether School Board's request for judicial notice of Resolution 2023-05 should be granted.

WHEREFORE, Defendant, the School Board of Lake County, Florida, respectfully requests this Court take judicial notice of Resolution 2023-05 and grant such other and further relief as this Court deems necessary and proper to render justice. Dated this 2nd day of August, 2023.

BOWEN & SCHROTH, P.A.

_____
ZACHARY T. BROOME (Lead Counsel)
Florida Bar No. 0091331
JAMES A. MYERS
Florida Bar No. 0106125
600 Jennings Avenue
Eustis, Florida 32726
Telephone (352) 589-1414
Facsimile (352) 589-1726
E-mail Addresses: zbroome@bowenschroth.com
                         jmyers@bowenschroth.com
                         bmckay@bowenschroth.com
                         vzabicki@bowenschroth.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF system, which will provide notice to all parties, on August 2, 2023.

                                                                */s/ James A. Myers*
                                                                JAMES A. MYERS