# Exhibit B



## Agenda Item Details

| | |
|---|---|
| Meeting | Jun 20, 2023 - REGULAR MEETING AGENDA (5:30 PM) |
| Category | 40. Items from the Board |
| Subject | C. (ADD) Interim Superintendent Contract |
| Access | Public |
| Type | Action |
| Recommended Action | Approve Interim Superintendent Contract |

## Public Content

ECPS-Leonard - Interim Superintendent Contract.pdf (222 KB)

## Motion & Voting

Adopt Interim Superintendent Contract

Motion by Patty Hightower, second by Kevin Adams.
Final Resolution: Motion Carries
Yes: Kevin Adams, Paul Fetsko, David Williams, Patty Hightower, Bill Slayton

**Last Modified by Holley DeWees on June 20, 2023**

APPROVED
ESCAMBIA COUNTY SCHOOL BOARD

JUNE 20 2023

VERIFIED BY RECORDING SECRETARY

# INTERIM SUPERINTENDENT'S EMPLOYMENT CONTRACT

THIS CONTRACT is made this 1st day of June, 2023, between THE SCHOOL BOARD OF ESCAMBIA COUNTY, FLORIDA (hereinafter referred to as "BOARD") and Keith Leonard (hereinafter referred to as "SUPERINTENDENT" or "LEONARD").

**WITNESSETH:**

**WHEREAS**, the BOARD is authorized under Section 1001.50, Florida Statutes, to appoint the SUPERINTENDENT of Schools for the Escambia County School District (hereinafter referred to as "School District"); and

**WHEREAS** the BOARD wishes to retain LEONARD to perform the duties and responsibilities of school SUPERINTENDENT as set forth in Sections 1001.48, 1001.49, 1001.51, and 1001.53, Florida Statutes; and

**WHEREAS** LEONARD is willing to provide said services and faithfully and fully comply with the duties and responsibilities of the office as outlined herein as well as provide those services to the BOARD as required and requested by the BOARD throughout the term of the Contract that are in keeping with the official authority of the BOARD; and

**WHEREAS** SUPERINTENDENT and BOARD acknowledge that this Agreement for Employment is being entered on the understanding that SUPERINTENDENT will serve on an interim basis for the BOARD.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth hereafter, it is agreed as follows:

1. **EMPLOYMENT**

The BOARD hereby employs LEONARD as SUPERINTENDENT of Schools for Escambia County, Florida, for the period and under the terms and conditions of this Contract.

2. **DUTIES**

LEONARD agrees during the period of this contract to faithfully perform his duties and obligations in such capacity for the School District including, but not limited to, those duties required by state and federal

law. As SUPERINTENDENT, LEONARD agrees he shall devote his full time, attention, and energy to the business of the School District. LEONARD will not accept any form of employment other than that as SUPERINTENDENT of the School District during the term of this and any subsequent contracts as long as he is employed as SUPERINTENDENT of the Escambia County School District unless specifically approved by the School BOARD.

3. **LENGTH OF CONTRACT**

This Contract shall be effective JUNE 1, 2023 and shall remain in full force and effect through and including June 30, 2024, unless terminated earlier as provided in Section 12 below.

4. **SUPERINTENDENT'S DECLARATION**

The SUPERINTENDENT states and declares that he has no medical, physical, or mental capability problem that would interfere with his ability to perform his duties hereunder. The SUPERINTENDENT also states and declares that he has no legal incapacity, investigation, or material impediment in his professional qualifications.

5. **EXTENSION OPTION(S)**

On or before June 30, of each year during the term of the contract, or at any other time of the BOARD's choosing, the BOARD may exercise the following options:

A. The BOARD may, by majority vote, extend or offer to modify the Contract for an additional term if a permanent replacement has not been found.

B. The SUPERINTENDENT may request the BOARD not consider extending an existing contract. In such case, the contract will expire on its own terms on June 30 of the calendar year.

6. **COMPENSATION**

A. <u>Base Salary</u>. The SUPERINTENDENT's initial annual base salary shall be $160,000.00. The base salary for each succeeding Contract Year (beginning with the Contract shall be no less than the previous year's base salary, and, if the SUPERINTENDENT receives an overall evaluation rating of effective or higher on the evaluation completed by the BOARD on or about the previous June, the SUPERINTENDENT shall receive a salary increase commensurate with administrative personnel for that fiscal year.

B. <u>Special Certification (Phase One)/Chief Executive Officer Leadership Development Program (CEOLDP), (Phase Two)</u>. In addition to the base salary, as permitted by section 1001.50(4), Florida Statues, the SUPERINTENDENT shall receive an annual performance salary incentive from the BOARD in the amount as provided for elected SUPERINTENDENTS, pursuant to sections 1001.47(4) and (5), Florida Statues. Upon completion of Phase One of the Special Certification Program, the SUPERINTENDENT shall be entitled to an additional $2000.00 per year. If the Certification is earned during a calendar year, the increase shall be prorated from the date the certification is received to June 30th of that initial year. Upon the successful completion of Phase Two of the Chief Executive Officer Leadership Development Program, the SUPERINTENDENT shall be compensated in accordance with Florida Statues 1001.47(5)(b) where he shall be paid a salary incentive of not less than $3000.00 nor more than $7,500.00 based upon his performance evaluation as determined by the Florida Association of District School SUPERINTENDENTs. After the SUPERINTENDENT is initially certified he must complete an annual renewal process, led by the FADSS leadership team to maintain certification and meet the yearly requirement of the CEOLDP. Completion of the annual certification renewal shall constitute eligibility for the award of the yearly salary incentive.

C. <u>Florida Retirement System</u>. LEONARD shall be eligible to participate in the Florida Retirement System (FRS). The BOARD shall contribute to the FRS as required by law including the provisions of Section 121.055, Florida Statutes, which currently provide that Senior Management Service Class is compulsory for all appointed district school superintendents. In the event, that Senior Management Service Class is no longer compulsory for appointed district school superintendents, the BOARD agrees to continue to pay into LEONARD retirement for FRS, for the duration of the term of this contract, as a Senior Management Service Class employee unless expressly prohibited by law.

D. <u>Additional Retirement Compensation</u>. In addition to the base salary provided in subsection 6.A., the SUPERINTENDENT shall also receive deferred compensation in the form of a contribution to an IRS approved tax shelter vehicle in the name of KEITH LEONARD in the amount of 5% of the base salary. The deferred compensation shall be paid into the SUPERINTENDENT's account monthly, and it shall be fully vested and earned upon deposit.

E.  Insurance. The SUPERINTENDENT shall be entitled to receive such health, dental, vision, life, disability, and any other insurance as provided to other twelve (12) month administrative employees of the School District. The costs of such benefits shall be paid by the BOARD to the same extent they are paid to other twelve (12) month administrative employees. In addition, the School BOARD shall offer the same health, dental and vision insurance benefits available to the SUPERINTENDENT'S eligible family members on the same basis as such benefits are offered to other twelve (12) month administrative employees' family members.

## 7. OTHER BENEFITS PROVISIONS

A.  Leave. The SUPERINTENDENT shall earn leave at the highest rate allowed for other twelve (12) month administrative employees of the district. This is in addition to normal holidays of the School District. Any unused leave may accumulate and carry over into a subsequent month or year in the same manner as other twelve (12) month administrators.

B.  Sick Leave. The SUPERINTENDENT shall accumulate one (1) day per month sick leave. Any unused sick leave shall be payable in accordance with Section 1012.61(2)(A)(5), Florida Statutes. All sick day benefits accrued from the SUPERINTENDENT's previous public employment shall be transferred to Escambia County and shall be earned in accordance with Florida law through a matching of the sick days awardable under this Contract until the expiration of the term of this Contract or any extension thereof or any early termination of this Contract, should it occur, pursuant to section 12. At the conclusion of the SUPERINTENDENT'S employment by the BOARD, all sick days accrued shall be payable to the SUPERINTENDENT at 100% of their value irrespective of the length of his service.

C.  Other Leaves. The SUPERINTENDENT shall be entitled to any other leave provisions afforded to other twelve (12) month administrative personnel.

D.  Professional Growth. The BOARD encourages the continuing professional growth of the SUPERINTENDENT and will permit reasonable time away from his regular duties to attend or participate in meetings, seminars and other educational programs sponsored by local, state or national associations of school SUPERINTENDENTS, administrators or school BOARDs, or by

private or public educational institutions, and to meet with other organizations or individuals, if such meetings will enhance his ability to perform his duties. If travel outside Escambia County is involved, the BOARD will pay reasonable and appropriate expenses incurred under this provision. The SUPERINTENDENT shall file itemized expense statements to be processed for payment and approved by the BOARD Chair and may be allowed the use of a School District credit card for allowable purchases. The BOARD will determine whether time and expenses are reasonable and appropriate and may restrict the SUPERINTENDENT'S activities if it determines that he is spending an unreasonable amount of time away from his regular duties.

    E. <u>Membership Dues</u>. The BOARD shall pay, on behalf of the SUPERINTENDENT, the annual membership dues for the American Association of School Administrators, the Florida Association of District School Superintendents, and, with prior approval of the BOARD, such other professional organization memberships which will contribute to the performance of his duties. The BOARD will also pay membership dues for the SUPERINTENDENT to maintain membership in one local civic organization as designated by LEONARD.

8. **EXPENSES**

    A. <u>Automobile Expense.</u> The BOARD will pay to the SUPERINTENDENT a supplement of $500.00 per month which the SUPERINTENDENT will use to provide himself with the use of a personal automobile and all expenses relating thereto. The SUPERINTENDENT will not receive any reimbursement/mileage for in county travel. Out of county travel will be reimbursed in the same manner as any other employee.

    B. <u>Other Business Expenses</u>. The BOARD will pay to the SUPERINTENDENT a supplement of $200.00 monthly for any business expenses incurred in the performance of school related duties.

    C. <u>Reimbursable Expenses</u>. In order to assist and enhance LEONARD's ability to perform his job responsibilities, to the extent permitted by law, the District may also, subject to BOARD approval, pay or reimburse LEONARD for any extraordinary reimbursable expenses which may be incurred by LEONARD in the continuing performance of his duties as under this Contract.

## 9. REVIEW OF PERFORMANCE

A. <u>Annual Evaluation.</u> The SUPERINTENDENT's evaluation, salary adjustment, performance pay, and reemployment will be based on the performance of the SUPERINTENDENT and the achievement of School District goals. Beginning with the 2023-24 school year, the BOARD will render a formal evaluation of the performance of the SUPERINTENDENT on or before June 30 of each Contract Year. The results of this annual evaluation shall be reduced to writing and will be a public record. Each member of the BOARD will meet with the SUPERINTENDENT individually to discuss the evaluation and the BOARD and SUPERINTENDENT will then meet and discuss the evaluation in a public meeting. In addition to discussion in this public forum, the SUPERINTENDENT may supply a written response to the BOARD's evaluation.

B. <u>Criteria for Evaluation.</u> The evaluation of the SUPERINTENDENT's performance will be based upon the performance of the duties imposed upon him by Florida law and this Contract. The School BOARD shall consult with the SUPERINTENDENT about the criteria and the evaluation instrument but will retain the absolute discretion to establish both. Additionally, the evaluation will seek to measure the SUPERINTENDENT's progress in meeting the annual performance goals of the SUPERINTENDENT as established pursuant to Section 6.B. above.

## 10. PROFESSIONAL LIABILITY

A. The BOARD will defend, hold harmless and indemnify the SUPERINTENDENT against all civil demands, criminal proceedings, claims, suits, actions and legal proceedings brought against the SUPERINTENDENT individually or in his capacity as agent or employee of the BOARD, arising out of and in the course of the performance of assigned duties and responsibilities.

B. If in any school-related matter covered by Section 10.A. above, the BOARD determines that the SUPERINTENDENT should engage separate legal counsel, it shall be at the expense of the BOARD.

C. The BOARD shall have no obligation to pay legal fees or other expenses on behalf of the SUPERINTENDENT in any litigation in which the interests of the BOARD and the SUPERINTENDENT are adverse, however, a civil complaint naming

both the BOARD and the SUPERINTENDENT as defendants where the interests of the SUPERINTENDENT and the BOARD are not identical or potentially adverse, does not release the BOARD from its obligations under 10.A. above.

    D. No BOARD member shall be personally liable to the SUPERINTENDENT for any costs, expenses, fees or judgments arising from matters described above.

### 11. RESIDENCE

The SUPERINTENDENT shall reside in Escambia County, Florida at all times while employed as SUPERINTENDENT.

### 12. TERMINATION OF CONTRACT

    A. Notwithstanding any other provision of this Contract, LEONARD may be terminated from the duties and position of SUPERINTENDENT prior to June 30, 2024 at any time without cause by a majority vote of the BOARD. If the BOARD so terminates LEONARD from the duties and position of SUPERINTNENDENT prior to the term of this Agreement, LEONARD shall continue employment with the School Board of Escambia County and be compensated on a pro rata basis at the level of his prior salary, inclusive of any and all future increases in the position on the administrative salary schedule, as Assistant Superintendent of Human Resource Services. LEONARD shall be entitled, guaranteed, and have a contractual right to receive full compensation and payment for one hundred percent (100%) of all accrued vacation days and hours since his initial employment with the School Board of Escambia County through his last day of employment as permitted by state law and policy of the BOARD at the rate of pay as hereunto set forth in the Agreement, and full compensation and payment for one hundred percent (100%) payment for all accrued sick leave days and hours since his initial employment with the School Board of Escambia County through his last day of employment as permitted by state law and policy of the BOARD at the rate of pay as hereunto set forth in the Agreement at the time of separation from service.

    B. The SUPERINTENDENT acknowledges and agrees that in the event of termination, he shall have no contractual right or other right at equity or law to occupy the position of SUPERINTENDENT.

    C. The Parties acknowledge and agree that in the

event of termination from the position of SUPERINTENDENT, LEONARD may only be terminated from employment during the term of the Agreement for cause in accordance with Florida Statutes, regulations, and applicable Board Policy.

D. <u>Incapacity.</u> In the event LEONARD becomes unable to perform any or all of his duties with reasonable accommodations under this Contract due to illness, accident or other cause beyond his control and if said inability continues for a period of more than thirty (30) consecutive days, the BOARD may, in its sole discretion, appoint an Acting SUPERINTENDENT to fulfill the duties and responsibilities of LEONARD under this Contract. If such incapacity continues for more than ninety (90) consecutive days, the BOARD may, in its sole discretion and upon an affirmative vote of a majority of the BOARD's members, terminate this Contract whereupon the respective duties, rights and obligations of the parties hereto shall terminate including any obligations for severance pay contained in Section 12.B. above. In the event of termination due to incapacity, LEONARD shall continue to receive the base salary and benefits provided in this Contract for a period of ninety (90) days from the date his employment is terminated. The
BOARD's decision and determination as to the incapacity of LEONARD shall be final and shall be based upon the opinion of a licensed medical physician. LEONARD hereby consents to an examination by a medical doctor as requested by the BOARD pursuant to this provision. The parties agree that the BOARD may select the licensed physician who will perform any such medical examination.

E. <u>Resignation.</u> If LEONARD should at any time elect to resign his position as SUPERINTENDENT, he agrees to provide the BOARD not less than ninety (90) days prior written notice of such resignation. After ninety (90) days following the delivery of such notice to the BOARD, in accordance with the notice provisions of this Contract, this contract and all rights and obligations created hereunder, shall terminate unless the BOARD elects to terminate the Contract earlier or unless the parties mutually agree to a different date of resignation. Absent such mutual Contract or a vote by the BOARD to terminate this Contract earlier, such written resignation shall become effective on the 90th day after its delivery to the BOARD and shall become final. Without regard to whether it was accepted or not by the BOARD, such written resignation may not be withdrawn or revoked by LEONARD without the consent and Contract of the BOARD through a properly adopted motion by the BOARD at a regularly scheduled meeting. All

salary and other benefits which are or would be payable or accrue to LEONARD under this Contract shall be prorated as of the effective date of the resignation. LEONARD shall be entitled to receive payment for any earned, accrued and unused annual leave.

  F. <u>Benefits Upon Retirement or Death</u>. This Contract shall be terminated upon the retirement or death of the SUPERINTENDENT. If termination is a result of death, LEONARD's estate or designated beneficiaries shall be entitled to receive such benefits under any death benefit plan that may be in effect for the employees of the School District in which he participated and any salary, reimbursement, earned, accrued and unused annual leave or benefits, and any other payments due and owing, including any death benefits under Florida's Workers Compensation laws and under this Contract as of the date of death. If termination is as a result of retirement, LEONARD shall be entitled to any salary, reimbursements, earned, accrued and unused leave or benefits, and any other payments due and owing under this Contract as of the date of retirement.

  G. <u>Mutual Contract</u>. This Contract may be terminated by mutual Contract of LEONARD and the BOARD in writing upon mutually agreed upon terms and conditions.

## 13. <u>WAIVER</u>

The parties agree that each requirement, duty and obligation set forth herein is substantial and important to the formation of this Contract and, therefore, is a material term hereof. Any party's failure to enforce any provision of this Contract shall not be deemed a waiver of such provision or a modification of this Contract. A waiver of any breach of a provision of this Contract shall not be deemed a waiver of any subsequent breach and shall not be construed to be a modification of the terms of this Contract.

## 14. <u>SEVERABILITY CLAUSE</u>

This Contract is severable. If any part or provision of this Contract is declared invalid, illegal, unlawful, unenforceable or void by a court of competent jurisdiction, such part or parts shall be deleted, and the remaining provisions shall not be affected but shall continue in full force and effect and binding on all Parties.

## 15. LAWS OF FLORIDA

This Contract shall be applied and, in all respects, interpreted according to the laws of the State of Florida. Sole and exclusive jurisdiction for any action shall be in the County or Circuit Court for the First Judicial Circuit in and for Escambia County unless the cause of action must be removed to a federal court in the Northern District of Florida.

## 16. NOTICES

When any of the parties desire to give notice to the other, such notice must be in writing, sent by U.S. Mail, postage prepaid, addressed to the party for whom it is intended at the place last specified. The place for giving notice shall remain until it is changed by written notice in compliance with the provisions of this Section. For the present, the parties designate the following as the respective places for giving notice:

To the BOARD: School BOARD of Escambia County, Florida
Attn: School BOARD Chair
75 N Pace Blvd
Escambia, FL 32505

With a copy to: General Counsel
75 N. Pace Blvd
Pensacola, FL 32505

To Keith Leonard:
Superintendent of Schools
75 N. Pace Blvd
Pensacola, FL 32505

## 17. CONTRACT PREPARATION

The parties acknowledge that they have had the opportunity to obtain advice and counsel as was necessary for each of them to form a full and complete understanding of all rights and obligations herein. This Contract contains the parties' mutual expressions and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the parties that the other.

## 18. ENTIRE CONTRACT

This Contract constitutes the entire Contract between the parties and may be amended only by written document signed by both