UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PETER PARNELL, et al.,

    Plaintiffs,

vs.                          CASE NO.: 5:23-cv-00381-BJD-PRL

SCHOOL BOARD OF LAKE COUNTY,
FLORIDA, et al.

    Defendants.
_____/

### ESCAMBIA COUNTY SCHOOL BOARD'S AND KEITH LEONARD'S MOTION TO SET AN EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs have filed a Motion for Preliminary Injunction. [D.E. 62 ("Motion")]. Per this Court's Order, [D.E. 76], Defendants, Escambia County School Board ("Board") and Keith Leonard, in his individual and official capacities ("Escambia County Defendants"), have filed a Response in Opposition. [D.E. 80]. Pursuant to Middle District Local Rule 3.01(h), the Escambia County Defendants respectfully request that this Court set an evidentiary hearing on Plaintiffs' Motion. In support, the Escambia County Defendants state the following:

    1.    Plaintiffs have filed a Motion for Preliminary Injunction ("Motion") seeking to require the Escambia County Defendants place the book *And Tango*

*Makes Three* ("*Tango*") back on the shelves of the libraries in the Escambia County School District. *See generally* [D.E. 62].

2. A preliminary injunction is "an extraordinary and drastic remedy" requiring the movant to "clearly establish the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (cleaned up). The moving party must show "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Id.*

3. For the reasons set forth in the Response in Opposition to Plaintiffs' Motion, [D.E. 80], Plaintiffs have failed to carry their burden and as a matter of law are not entitled to an injunction. Should the Court agree and rule in favor of the Escambia County Defendants, no hearing is necessary. *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) ("Rule 65(a) does not expressly require a hearing on every motion for injunctive relief[.]").

4. But should the Court disagree, the Escambia County Defendants request an evidentiary hearing on Plaintiffs' Motion, given the existence of bitterly disputed facts. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311 (11th Cir. 1998). Alternatively, even if the Court finds the facts are not bitterly disputed, there

is still "much dispute as to the inferences to be drawn from the raw facts" of this case. *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (cleaned up). The Court should exercise its sound discretion and order an evidentiary hearing. *See id.*

5.   In their Response in Opposition to Plaintiffs' Motion, [D.E. 80], the Escambia County Defendants offered up numerous areas of bitterly disputed facts or, at a minimum, areas where the varying inferences that could be drawn militate in favor of an evidentiary hearing.

6.   These include, but are not limited to:

   a.   Whether Superintendent Leonard can be individually liable for actions which took place before he assumed the Office of the Superintendent, including the Board's decision to remove *Tango*.

   b.   Whether the Board engaged in impermissible viewpoint discrimination in deciding to remove *Tango* or, as the Escambia County Defendants contend, whether the Board's decision was based on legitimate pedagogical purposes.

   c.   Whether in ordering *Tango* be removed the Board's actions constituted government speech.

   d.   Whether, as the Escambia County Defendants contend, Plaintiffs' more than six-month delay in bringing the Motion fatally

3

undermines their claims of irreparable harm, a required showing for any preliminary injunction.

      e.      The credibility of the Author Plaintiffs, specifically their claims that by removing *Tango* the Escambia County Defendants have impaired the Author Plaintiffs' ability to "speak" to their target audience, despite the fact the Escambia County Defendants have not prohibited or restricted their ability to write, sell, publish, market, or distribute *Tango*. *See All Care Nursing Service, Inc. v. Bethesda Memorial Hosp. Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989) (finding "an evidentiary hearing is normally required to decide credibility issues").

      f.      The credibility of B.G., specifically regarding her claim she has been unable to access *Tango* since its removal from the Board's libraries, despite the fact Plaintiffs have attached full versions of the book to both the First Amended Complaint and their Motion. *See id.*

7.      These issues and more are bitterly disputed between the parties, raise credibility issues, and militate in favor of an evidentiary hearing, as more fully argued and shown in the Escambia County Defendants' Response in Opposition to Plaintiffs' Motion. [D.E. 80]. Alternatively, the varying inferences that could be drawn, *Cumulus Media*, 304 F.3d at 1178, coupled with the need to determine

"accuracy and fairness," favors an evidentiary hearing. *McDonald's Corp.*, 147 F.3d at 1313.

8.  Pursuant to Local Rule 3.01(h), the Escambia County Defendants respectfully request one day for the evidentiary hearing on Plaintiffs' Motion. The Escambia County Defendants reserve the right to amend this request, however, depending on Plaintiffs' reply, due on September 20, 2023. *See* [D.E. 76].

9.  The Escambia County Defendants have conferred with Plaintiffs' counsel on this matter. Plaintiffs' counsel stated they could not provide their position on whether an evidentiary hearing would be necessary until after they reviewed the Escambia County Defendants' Response in Opposition.

## CONCLUSION

**WHEREFORE**, Escambia County Defendants respectfully request that this Court set a one-day evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, for the reasons stated herein, and for any and all further relief this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that they have conferred with counsel for Plaintiffs via video conference and said counsel would not give their position to the relief requested herein, as more fully explained above.

Respectfully submitted,

/s Jeffrey J. Grosholz
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street
Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783
Attorneys for Defendants Escambia County School Board and Keith Leonard

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Faith Elizabeth Gay at fgay@selendygay.com, Anna Theresa Neill at aneill@kmpa.com**, **Lauren J. Zimmerman at lzimmerman@selendygay.com, Masha Simonova at msimonova@selendygay.com, Nancy A. Fairbank at nfairbank@selenygay.com, Max H. Siegel at msiegel@selendygay.com, and William Jay Blechman at wblechman@kmpa.com (Counsel for Plaintiffs); Zachary Tyler Broome at**

6

zbroome@bowenschroth.com, James A. Myers at jmyers@bowenschroth.com (Counsel for Defendants School Board of Lake County and Kornegay); Daniel Bell at daniel.bell@myfloridalegal.com, Anita J. Patel at anita.patel@myfloridalegal.com, David Costello at david.costello@myfloridalegal.com, and Erik Sayler at eric.sayler@myfloridalegal.com (Counsel for Defendants Diaz, Gibson, Petty, Brown, Byrd, Christie, Garcia and Magar).

/s Jeffrey J. Grosholz
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street
Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
Attorneys for Defendants Escambia County School Board and Keith Leonard